IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00672-M-KS

RICHARD ARJUN KAUL, et al., )
)
    Plaintiffs, )
)
v. ) ORDER
)
CENTER FOR PERSONALIZED EDUCATION )
FOR PHYSICIANS, et al., )
)
    Defendants. )
_____ )

This matter comes before the court on the motions to dismiss filed by Defendants Christopher J. Christie ("Christie") and James Howard Solomon ("Solomon") [DE 17]; Allstate Insurance Company ("Allstate") [DE 36]; Federation of State Medical Boards of the United States, Inc. (the "Federation") [DE 43]; Richard F. Heary ("Heary") [DE 48]; Center for Personalized Education for Physicians ("CPEP") [DE 58]; and Daniel Stolz ("Stolz") [DE 64]. Plaintiff has filed pro se responses to each of the pending motions. *See* DE 31, 51, 56, 61, 67, 84. For the following reasons, the motions are granted.

**I. Factual and Procedural Background**

Plaintiff alleges that, more than a decade ago, he pioneered "the first outpatient minimally invasive spinal fusion" procedure, which "revolutionized the field of spine surgery" and "immensely benefitted" the public. DE 1 ¶¶ 15, 30. He was later reported to the state licensing authority for performing his spinal fusion procedure, resulting in the revocation of his New Jersey medical license in 2014. *Id.* ¶ 135. The New Jersey State Board of Medical Examiners found that "his performance of spine surgeries on 11 patients without proper training and experience constituted gross and repeated malpractice, negligence, and incompetence." *Kaul v. Christie*, 372

F. Supp. 3d 206, 215 (D.N.J. 2019). However, according to Plaintiff, the revocation allegedly resulted from a vast bribery and racketeering scheme involving numerous medical professionals, lawyers, government officials, and insurance companies. *Id.* ¶¶ 146–162. Since the revocation, Plaintiff has instituted approximately sixteen prior actions seeking monetary and injunctive relief, including the reinstatement of his medical license. *Id.* at 9.

Based on his filing history, on September 12, 2022, United States District Judge J. Paul Oetken enjoined Plaintiff from suing the defendants in *Kaul v. Intercontinental Exchange* ("*Kaul 2021*") in any federal district court for claims relating to or arising from "(i) the denial of his medical license; (ii) subsequent litigation proceedings initiated by the Defendants [t]here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court." *See* No. 21-CV-6992, 2022 WL 4133427, at *9 (S.D.N.Y. Sept. 12, 2022). Judge Oetken warned that, if Plaintiff violates the order, "any request will be denied for failure to comply with this Opinion and Order, and [he] may be subject to sanctions, including monetary penalties or contempt." *Id.*

After entry of the filing injunction, Plaintiff filed suit in this district. *See* DE 1. The complaint in this case is 132 pages and appears to allege fifteen claims arising under the Racketeer Influence Corrupt Organizations Act ("RICO"), Section 1983 of Title 42 of the United States Code, and the United Nations Declaration of Human Rights. It seeks monetary and injunctive relief, including the reinstatement of his New Jersey medical license. It also names several *Kaul 2021* defendants (the Federation; Allstate; Christie; Heary; and Stolz) as well as other defendants who were unnamed in the previous suit (CPEP and Solomon). *See id.* at 131.

On January 11, 2024, Defendants Christie and Solomon moved to dismiss the complaint. DE 17. Defendants Allstate, Federation, Heary, and CPEP have also moved for dismissal. DE 36,

2

43, 48, 58. On March 13, 2024, Defendant Stolz joined the pending motions. DE 64. Plaintiff filed pro se responses to each motion. DE 31, 51, 56, 61, 67, 84.

On March 15, 2024, Judge Oetken issued an order confirming that Plaintiff had not sought permission to institute this action and thus has violated the filing injunction. *See* DE 173 at 2, *Kaul* 2021, No. 1:21-cv-6992. Judge Oetken denied Plaintiff permission to file or pursue this action against the defendants named in *Kaul* 2021 and ordered Plaintiff "to withdraw the EDNC action as to those defendants within 14 days of the date of this order. If he fails to do so, he may be subject to monetary sanctions and contempt." *Id.* To date, Plaintiff has not voluntarily withdrawn any affected claims. The motions are ripe for disposition.

**II. Discussion**

*A. Rule 8*

CPEP and Soloman argue that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure and "leave to amend would be futile because Plaintiff has had multiple opportunities in various jurisdiction to amend his allegations and has perpetually failed to meet the Rule 8 requirements." *See* DE 18 at 4–5; DE 59 at 4–5 ("Kaul's recycled contentions have been repeatedly dismissed in courts across the United States because they do not plead a claim for relief.").

Kaul responds that "Defendants have not specifically described their misunderstanding" to portions of the complaint. DE 31 at 8. He contends that they "know and understand the exact meaning of these statements pertains to the insurance industry's over four hundred (400) year-long profit-purposed 'pattern of racketeering' that commenced with the trans-Atlantic slaving genocide, progressed to insuring the Nazi's execution gas chambers/human incinerators to the current asset seizing/trafficking on masse of ethnic minority physicians into for-profit American jails to the profiting from investing/funding/financing forced mass vaccination programs." *Id.* at 8–9

3

(emphasis omitted). He asserts that he does not need to amend the complaint, but if the court finds otherwise, he will correct any specific deficiencies identified for him. *Id.* at 9.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth "a short and plain statement of the claim showing that" the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleading requirement is violated when a complaint is replete with "vague ramblings and nonsensical claims" that defendants must attempt to decipher the "incomprehensible" to defend themselves. *El-Bey v. North Carolina*, 2014 WL 691580, at *2 (M.D.N.C. Feb. 21, 2014). Failure to satisfy the pleading requirement after having fair notice of the specific defects in a complaint and a meaningful chance to fix them is grounds for dismissal. *Dillard v. Perry*, 2019 WL 1244701, at *5 (E.D.N.C. Mar. 18, 2019). The opportunity to amend is not required when the effort would be futile. *See Arroyo v. Zamora*, 2018 WL 1413195, at *5 (W.D.N.C. Mar. 21, 2018).

Pro se pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). "Principles requiring generous construction of pro se complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure." *Tagirova v. Elizabeth City State Univ.*, 2017 WL 4019516, at *4 (E.D.N.C. Sept. 11, 2017).

As CPEP and Solomon correctly point out, the complaint in this case is neither "short" nor "plain." It is 132 pages of vague and/or conclusory allegations, accompanied by 567 pages of exhibits. The complaint, like the complaints supporting Plaintiff's previous litigations, depends on "bizarre, far-fetched" claims "reliant on flawed premises" and "spurious comparisons between the insurance industry, on the one hand, and Nazi Germany and slavery, on the other, and difficult-to-

follow references to Mr. Kaul's other pending litigations (and related documents)." *Kaul v. Boston Partners, Inc.*, 2021 WL 3272216, at *3 (D. Mass. July 30, 2021).

Leave to amend would be futile in this case. Plaintiff maintains in essence that he will not amend his complaint to comply with Rule 8 unless specific deficiencies are identified in his complaint. *See* DE 31 at 9. "District judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Moreover, Plaintiff has had several prior chances in his other litigations to amend his recycled allegations to state a short, plain, and plausible claim to relief, yet those other litigations "have [never] resulted in any relief for [him]." *See Kaul* 2021, 2022 WL 4133427, at *1–2. Based on the record as a whole, his filing history, and the assertions in his response, dismissal with prejudice under Fed. R. Civ. P. 8(a)(2) is appropriate.

### *B. Filing Injunction*

The Federation, Allstate, Christie, Heary, and Stolz argue that dismissal with prejudice is also appropriate because Plaintiff has violated the filing injunction entered against him in *Kaul* 2021. *See, e.g.*, DE 18 at 2–4; DE 37 at 11–13; DE 44 at 2–5; DE 49 at 4–7. Plaintiff responds that the injunction, like all nationwide injunctions, "are heavily disfavored" and that the injunction was a product of "Fraud on the Court" and judicial corruption. *See, e.g.*, DE 31 at 4–7; DE 51 at 25–29; DE 56 at 3–6; DE 61 at 25–26.

The filing injunction enjoined Plaintiff from suing the above-named Defendants (Federation, Allstate, Christie, Heary, and Stolz) in any federal district court for claims relating to or arising from "the denial of his medical license . . . without first obtaining leave from this Court." *See Kaul* 2021, 2022 WL 4133427, at *9. Plaintiff did not appeal, and no court has invalidated, the filing injunction. Thus, the filing injunction remains in full effect. *See* DE 173 at 2, *Kaul* 2021, No. 1:21-cv-6992 (enforcing filing injunction).

There is no genuine dispute regarding whether Plaintiff has violated the injunction by filing the pending claims against the above-named Defendants. Plaintiff has again sued the above-named Defendants with allegations that they conspired "to make an example of him and cause public officials to bar him from practicing medicine in New Jersey," in violation of federal and international law. *See, e.g., Kaul v. Intercontinental Exch.*, No. 23-cv-02016, 2023 WL 3346769, at *1 (S.D.N.Y. May 10, 2023); DE 1 ¶¶ 14, 45, 110, 135, 137, 141–144 (alleging private and public corruption stemming from the denial of his New Jersey medical license and seeking monetary and injunctive relief, including the reinstatement of his medical license). He has not sought permission to file the instant claims against the above-named Defendants. *See* DE 173 at 2, *Kaul* 2021, No. 1:21-cv-6992 (confirming violation of filing injunction). "Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions." *Kaul v. Fed'n State Med. Bds. – Fla. Bd. of Med.* (S.D. Fla. Aug. 22, 2023) (quoting *Martin-Trigona v. Shaw*, 986 F.2d 1284, 1388 (11th Cir. 1993)).

### III. Conclusion

For the foregoing reasons, the court GRANTS Defendants' motions [DE 17, 36, 43, 48, 58, 64] and DISMISSES Plaintiff's complaint with prejudice.

The clerk of court is DIRECTED to close this case.

SO ORDERED this 14th day of June, 2024.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 5:23-cv-00672-M-KS   Document 113   Filed 06/14/24   Page 6 of 6